IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LAURIN DESSEAUX, individually and on behalf of similarly situated persons,<br><br>        Plaintiffs,<br><br>v.<br><br>AVIACODE, INC.,<br><br>        Defendant. | Case No. 2:17-cv-01065-BSJ<br><br>ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND FINAL JUDGMENT<br><br>Judge: Hon. Bruce S. Jenkins |

This matter came before the Court for hearing pursuant to this Court's March 28, 2019 Order Preliminarily Approving Class Settlement and certifying the Settlement Class for settlement purposes only ("Preliminary Approval Order"). A hearing was held on this case on July 17, 2019, for final approval of the Settlement. The Court, having received and considered the Settlement, all supporting papers filed and proceedings held herein, declarations attesting to the distribution of the Notice in accordance with the Preliminary Approval Order, and the application for final approval of the Settlement, and for good cause appearing therefore,

   **IT IS HEREBY ADJUDGED, DECREED, AND ORDERED:**

**I.    JURISDICTION AND VENUE**

1. The Court has jurisdiction over the subject matter, the parties in this proceeding, and all Settlement Class Members, pursuant to 28 U.S.C. § 1332.

2. Venue is proper in this District.

**II.   FINDINGS OF FACTS**

3. Plaintiffs filed their complaint on September 22, 2017, alleging Defendant misclassified its Medical Coders as independent contractors rather than employees, and, as a result, failed to pay them for all the time they worked, including overtime, or

1

reimburse them for business expenses that they incurred in violation of the Fair Labor Standards Act ("FLSA") and the Utah Payment of Wages Act ("UPWA").

4. The Parties subsequently engaged in discovery, including assessments of potential damages, depositions, exchanging multiples sets of interrogatories and document requests, and participating in mediation.

5. On February 22, 2019, the parties filed a joint motion seeking preliminary approval of the Settlement, and an amended joint motion seeking preliminary approval of the Settlement on March 1, 2019, which the Court granted on March 28, 2019.

6. Pursuant to the Preliminary Approval Order, a Settlement Notice and Claim Form were distributed to Settlement Class Members ("Notice Packet"). This Notice Packet was sent to each Settlement Class Member via first class United States mail, to their last known addresses. Settlement Class Members were also provided the Notice Packet via email, when available. The Notice Packet informed Settlement Class Members of the terms of the Settlement, including their right to opt-out and object to the Settlement.

7. Of the 1,231 Settlement Class Members who were sent the Notice Packet, a total of four opt-out responses were received prior to the deadline. No Settlement Class member objected to the Settlement.

III. **FINAL CERTIFICATION OF THE SETTLEMENT CLASS**

8. The Court finds the requirements of Fed. R. Civ. P. 23 are satisfied and that certification of the Settlement Class is appropriate for settlement purposes. Thus, the Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, and pursuant to Fed. R. Civ. P. 23(a) and (b)(3) the following Settlement Class:

9. The Settlement Class excludes those persons who timely and validly filed requests for exclusions from the Settlement Class ("Opt-Outs") per the Notice sent to Settlement Class members, as provided in the Court's Preliminary Approval Order. A list of such Opt-Outs as of the date of this order is attached hereto as Exhibit 1. Those identified in Exhibit 1 are not bound by this Final Judgment or the terms of the Settlement, and they may pursue their own individual remedies against the Released Parties. The Opt-Outs are not entitled to any rights or benefits provided to Settlement Class Members by the Settlement terms.

10. The Court finds the Settlement Class satisfies the requirements of a class action under Fed. R. Civ. P. 23(a) and (b)(3):

    a. The members of the Settlement Class are so numerous that joinder of all members is impracticable;

    b. There are questions of law and fact common to the whole Settlement Class;

    c. The claims and defenses of the Named Plaintiff are typical of those of the Settlement Class;

    d. The Named Plaintiff and Class Counsel have and will continue to fairly and adequately protect the interests of the Settlement Class; and

    e. There are questions of law and fact common to the members of the Settlement Class that predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

IV.   **FINAL APPROVAL OF THE SETTLEMENT**

11. Pursuant to Fed. R. Civ. P. 23(e), this Court finds the Settlement is fair, reasonable, and adequate and is in the best interests of the Settlement Class Members for the following reasons:

    a. The Settlement was fairly and honestly negotiated at arm's length and with the assistance of experienced counsel and the assistance of an experienced mediator.

    b. Serious questions of law and fact exist in this case, which places the ultimate outcome of this litigation in doubt.

    c. The value of an immediate recovery to the Settlement Class outweighs the mere possibility of future relief after protracted and expensive litigation.

    d. The Parties have offered their reasonable and supported judgment that the Settlement is fair and reasonable to the Settlement Class.

12. The Court also finds the plan for distribution of the Settlement funds, as set forth in the Settlement Agreement, to be fair and reasonable.

13. The Court thus finally approves the Settlement as fair, reasonable, and adequate.

## V. ADEQUACY OF NOTICE

14. The Court finds that the distribution of the Notice Packet:

    a. Complied with the Preliminary Approval Order;

    b. Constituted the best notice practicable under the circumstances;

    c. Constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, the proposed plan of allocation, of Class Counsel's request for an award of attorneys' fees and payment of litigation expenses incurred with the prosecution of this case, of the Settlement Class

        Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing;

    d. Constituted due, adequate, and sufficient notice to all Class Members entitled to receive notice of the proposed Settlement; and

    e. Satisfied the notice requirements of Fed. R. Civ. P. 23 and due process under the United States Constitution.

15. The Court thus finds that the Notice Packet provided to Class Members provided proper and adequate notice.

## VI. ATTORNEYS FEES AND SERVICE AWARD

16. The Court hereby awards Class Counsel attorneys' fees in the amount of $503,250.00, which is equal to one-third of the Settlement Fund of $1,525,000.00, plus reimbursement of their out-of-pocket expenses in the amount of $20,367.54.

17. The Court finds the amount of attorneys' fees and costs awarded herein fair and reasonable due to:

    a. The work performed and costs incurred by Class Counsel;

    b. The complexity of the case;

    c. The risks undertaken by Class Counsel and the contingent nature of their employment;

    d. The quality of the work performed by Class Counsel in this case and their experience in litigating similar class action cases;

    e. Awards to other successful counsel in similar litigation;

    f. The benefits achieved for the Settlement Class Members through the Settlement; and

    g.  The absence of any objections from Settlement Class Members to the application for an award of attorneys' fees and expenses to Class Counsel.

18. The Court also finds that the requested expenses are a proper amount incurred by Class Counsel and were reasonable and necessary in the prosecution of this case and should be awarded in accordance with the Settlement Agreement.

19. This Court also hereby awards $5,000.00 to each, Mr. Laurin Desseaux and Mr. Brian Hazel, as Service Awards. The Court finds the amount of the Service Awards to be fair and reasonable based upon their service and representation on behalf of the Settlement Class.

## VII. RELEASES AND FINAL JUDGMENT

20. All Settlement Class Members who have not filed timely, completed, and valid requests for exclusion from the Settlement Class are thus Settlement Class members and are bound by this Final Judgment and the terms of the Settlement, pursuant to Fed. R. Civ. P. 23(c)(3).

21. The Released Parties are hereby released and forever discharged from any and all of the Released Claims. Settlement Class Members are all hereby forever barred and enjoined from asserting, instituting, or prosecuting any Released Claim in any court or other forum against any of the Released Parties. All Settlement Class Members are bound by the Settlement and are forever barred and enjoined from taking any action in violation of the Settlement.

22. This Court hereby dismisses with prejudice all claims of the Named Plaintiff and Settlement Class asserted against Defendants in this action and without costs to any of the Parties as against the others, except as provided herein.

23. Without affecting the finality of this Final Judgement in any way, this Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Order and the Settlement.

The Clerk is directed to close this case.

SIGNED this ___ day of July, 2019.

                                                BY THE COURT:

                                                _____

                                                The Honorable Bruce S. Jenkins

# EXHIBIT 1

**Aviacode Exclusion Requests**

| Name | Exclusion Request Timely |
|---|---|
| 1. | Yes |
| 2. | Yes |
| 3. | Yes |